UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. LOUIS NEPTUNE,[1]<br><br>Plaintiff,<br><br>-against-<br><br>PUBLIC SERVICE ELECTRIC & GAS COMPANY; JUNE FLORRE; ANDREW CAREY,<br><br>Defendants. | 26-CV-1572 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Louis Neptune, who resides in East Orange, New Jersey, brings this *pro se* action, alleging that Defendants violated his rights in the State of New Jersey. Named as Defendants are Public Service Electric & Gas Company ("PSEG"), June Florre, and Andrew Carey. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff styles his complaint as an action under the False Claims Act ("FCA"), which are generally filed under seal. By order dated February 26, 2026, the Court determined that the complaint did allege facts demonstrating that Plaintiff was actually bringing a FCA claim, and directed that the Clerk of Clerk unseal and docket the complaint. (ECF 8.)

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that PSEG is a "NJ corporation doing business in SDNY." (ECF 1, at 1.) He does not provide residential addresses for Florre and Carey, but he alleges that Florre is a PSEG contractor and Carey is employed by PSEG. Although the complaint includes few facts, Plaintiff's allegations and the attached documents suggest that his claims arose in the State of New Jersey, which constitutes a single judicial district. *See* 28 U.S.C. § 110. Because it is unknown where Defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or the District of New Jersey. Even if the Court did assume that all defendants reside in the State of New York and at least one defendant resides in this District, and that venue, therefore, is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in New Jersey, venue would also be proper under Section 1391(b)(2) in the District of New Jersey.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in New Jersey, where Plaintiff resides and where PSEG maintains offices. It is reasonable to expect that relevant documents and witnesses also would be in New Jersey. The District of New Jersey appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A decision on Plaintiff's request for a temporary restraining order is also reserved for the transferee court. Summonses shall not issue from this court. This order closes this case in this court. The Clerk of Court is directed to terminate all pending motions.

Because Plaintiff seeks emergency injunctive relief, the Court further directs the Clerk of Court to transfer this action to the District Court for the District of New Jersey immediately upon entry of this order; the Court waives the seven-day waiting period contained in Local Civil Rule 83.1.

3

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 26, 2026
        New York, New York

                     /s/ Laura Taylor Swain
                     LAURA TAYLOR SWAIN
                Chief United States District Judge