UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA EX REL.
LOUIS NEPTUNE,

                        Plaintiff,

            -against-

PUBLIC SERVICE ELECTRIC & GAS
COMPANY; JUNE FLORRE; ANDREW
CAREY,

                        Defendants.

26-CV-1572 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. He styled his complaint as an action under the False

Claims Act ("FCA"). By order dated February 26, 2026, the Court determined that the complaint

did not allege facts demonstrating that Plaintiff was actually bringing an FCA claim, and directed

that the Clerk of Clerk unseal and docket the complaint.[1] (ECF 8.) By order dated February 26,

2026, and entered on the court's docket on March 2, 2026, the Court transferred this action,

under 28 U.S.C. § 1404, to the United States District of New Jersey. (ECF 9.) Because Plaintiff

sought emergency injunctive relief, the Court waived the seven-day waiting period under Local

Civil Rule 83.1. The Clerk of Court electronically transferred this action to the District of New

Jersey on February 26, 2026, and, on March 3, 2026, the District of New Jersey acknowledged

receipt of the action. On March 6, 2026, Plaintiff filed a motion under Rule 60(b) of the Federal

Rules of Civil Procedure challenging the Court's February 26, 2026 orders directing the Clerk of

Court to unseal the complaint and transferring the action to the District of New Jersey.

---

[1] Furthermore, because the United States "remains the real party in interest" in an FCA
action, a *pro se* litigant cannot proceed with an FCA claim. *See United States ex rel. Mergent
Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008).

**DISCUSSION**

The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction only in limited situations, such as where the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court," *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995), or where "the question . . . is whether the district court had power to order the transfer," *Farrell v. Wyatt*, 408 F.2d 662, 664-65 (2d Cir. 1969); *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Here, the transferee court acknowledged receipt of this transferred action on March 3, 2026, and Plaintiff filed his motion for reconsideration on March 6, 2026. Moreover, nothing in Plaintiff's motion demonstrates that the Court lacked the power to transfer this action. Thus, this Court does not have jurisdiction to consider his motion, and denies it for that reason.

**CONCLUSION**

Plaintiff's motion for reconsideration (ECF 11) is denied because the Court lacks jurisdiction to consider it. The Clerk of Court is directed to terminate all motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 10, 2026
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge